**David Todd INMAN, Plaintiff–Appellant,**

v.

**MICHIGAN PAROLE BOARD, et al., Defendants–Appellees.**

No. 02–1003.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; WISEMAN, District Judge.*

*ORDER*

David Todd Inman appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

which relief can be granted pursuant to 42 U.S.C. § 1997e. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Inman filed his complaint in the district court alleging that the defendant individual members of the Michigan Parole Board violated his rights under the Eighth Amendment when they used false and fraudulent information regarding his lack of participation in Michigan's sex offender treatment program in denying him parole. Plaintiff sought injunctive relief and compensatory and punitive damages. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1997e(c). Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that he was improperly denied parole based upon his lack of participation in the Michigan sex offender program because prison officials have interfered with his ability to participate in the program.

Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997), we affirm the judgment essentially for the reasons stated by the district court in its opinion dated December 7, 2001. First, plaintiff failed to state a cognizable due process violation, because plaintiff has no liberty interest in parole. *See Sweeton v. Brown,* 27 F.3d 1162, 1164 (6th Cir.1994) (en banc). Further, plaintiff has no legitimate entitlement to or expectation of participation in Michigan's sex offender treatment program. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 11–12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). In addition, plaintiff did not establish an Eighth Amendment deprivation from his inability to participate in the sex offender program. *See Farmer v. Brennan,* 511 U.S. 825, 837–40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.