**David Todd INMAN, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 02–1143.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

David Todd Inman appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Inman filed his complaint in the district court alleging that the defendant individual Michigan prison officials violated his rights under the Eighth Amendment when they:

(1) used false and fraudulent information to deny him admission into Michigan's sex offender treatment program and to deny him special good time credits; and (2) retaliated against him for filing grievances about these matters. Plaintiff sought injunctive relief and compensatory and punitive damages. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted. Plaintiff filed a timely notice of appeal.

Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), the judgment is affirmed essentially for the reasons stated by the district court in its opinion dated December 11, 2001. Primarily, plaintiff failed to state a cognizable due process violation, because plaintiff has no legitimate entitlement to, or expectation of, participation in Michigan's sex offender treatment program or to any special disciplinary credits. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11–12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Notably, this court very recently affirmed a district court judgment that dismissed another civil rights complaint plaintiff filed in which he asserted that he was improperly denied parole based on his lack of participation in the sex offender program. *Inman v. Mich. Parole Bd.*, 46 Fed.Appx. 834 (6th Cir.2002). Further, plaintiff's retaliation claim is conclusory.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.